# Arnold & Porter

Daniel R. Bernstein
+1 202.942.6678 Direct
Daniel.Bernstein@arnoldporter.com

**MEMO ENDORSED**

*[Handwritten endorsement:]* The Dec. 1, 2022 Conference is adjourned sine die. The Government Defendants may proceed with their motion to dismiss. Briefing will proceed in accordance with the following schedule: moving papers are due by Dec. 19, 2022; opposition papers are due by January 9, 2023; any reply is due by January 17, 2023.

SO ORDERED:

*[signature]* Paul G. Gardephe, U.S.D.J.

Nov. 29, 2022

November 21, 2022

**VIA ECF**

Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007

Re:   Request to adjourn December 1, 2022 initial pretrial conference or, in the alternative, to conduct the conference by videoconference or telephone, or to allow counsel to appear remotely, in *Choto Pleitez v. Republic of El Salvador*, No. 1:21-cv-1424-PGG

Dear Judge Gardephe:

We write on behalf of the Government Defendants in the above-captioned action. Before the Government Defendants appeared in this case, the Court set an in-person pretrial conference under Federal Rule Civil of Procedure 16, ECF No. 2, which is now scheduled for December 1, 2022, ECF No. 30. For the reasons explained below, the Government Defendants respectfully request that the Rule 16 conference be adjourned or, in the alternative, that the conference be conducted by videoconference or telephone (or, at a minimum, that counsel be permitted to appear remotely). On November 16, 2022, counsel for the Government Defendants contacted counsel for Plaintiffs to inquire about Plaintiffs' position on these requests. The reply from counsel for Plaintiffs, received on November 18, 2022, did not indicate a position on these requests.

**Background on Request to File Motion To Dismiss Based on Sovereign Immunity**

On September 14, 2022, the Government Defendants timely filed a pre-motion conference request, explaining the grounds to move to dismiss Plaintiffs' complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). ECF No. 39. Plaintiffs have not responded to this pre-motion conference request. The Court has not yet acted upon the Government Defendants' pre-motion conference request, but the Government Defendants have drafted their motion to dismiss and are prepared to file it immediately.

# Arnold & Porter

Hon. Paul G. Gardephe
November 21, 2022
Page 2

      The Government Defendants' principal argument is that the Court lacks subject-matter jurisdiction over the claims against the Government Defendants, which are foreign sovereigns presumptively entitled to immunity from suit under the Foreign Sovereign Immunities Act ("FSIA"). *Id.* at 2-3. Plaintiffs have alleged no facts indicating that any of the enumerated exceptions to the FSIA applies here; on the contrary, Plaintiffs' own allegation that all acts and omissions relevant to their claims took place outside the United States forecloses subject-matter jurisdiction under the noncommercial tort exception (the only one of the enumerated exceptions that could conceivably apply). *Id.*; *see* First Am Compl. ¶ 40.

### Request That Pretrial Conference Be Adjourned or at Least Held Virtually

      In order to effectuate the full scope of foreign sovereign immunity which the Government Defendants are granted by law, the Government Defendants respectfully submit it is premature to enter a case management plan governing disclosures unless and until the Court determines that it has subject-matter jurisdiction over Plaintiffs' claims against the Government Defendants.[1] The "basic objective" of foreign sovereign immunity is "to free … foreign sovereigns from *suit*," and to "shield them from the expense, intrusiveness, and hassle of litigation altogether." *Beierwaltes v. L'Office fédérale de la culture de la Confédération suisse*, 999 F.3d 808, 817 (2d Cir. 2021) (brackets, quotation marks, and citations omitted). The Government Defendants therefore respectfully submit that, insofar as they are concerned, a Rule 16 conference to discuss case management would be premature, and that the conference should be adjourned pending the Court's disposition of the Government Defendants' anticipated motion to dismiss.

      In the alternative, the Government Defendants request that the conference be held by telephone or by videoconference (or, at a minimum, that counsel for the Government Defendants be permitted to appear remotely). The Federal Rules of Civil Procedure permits pretrial conferences to be held "in person, by telephone, or by more sophisticated electronic means." Fed. R. Civ. P. 16, committee notes on Rules—2015 amendments. Indeed, the Court previously set telephonic pretrial conferences in this matter. *See* ECF Nos. 21, 22. The attorneys for the Government Defendants who are principally responsible for this matter are located in Washington, D.C. and Colorado. The Government Defendants respectfully suggest that efficiency would be served best by permitting counsel to appear by telephone or videoconference, rather than in person.

---

[1] It appears from the docket that Plaintiffs have yet to complete service on the individual defendants. Service on them has no bearing on the Government Defendants' immunity from suit, and the Court should permit filing of, and rule on the Government Defendants' motion to dismiss.

# Arnold & Porter

Hon. Paul G. Gardephe
November 21, 2022
Page 3

      Accordingly, the Government Defendants request that the Court adjourn the Rule 16(c) conference or, in the alternative, that the conference be held by telephone or video conference (or that counsel be permitted to appear remotely). In either event, the Government Defendants request that the Court authorize the filing of their motion to dismiss. We thank you for your consideration of this request.

      Respectfully Submitted,

      *s/ Daniel R. Bernstein*

      Daniel R. Bernstein

cc:    Charlie Carrillo, counsel for Plaintiffs